## Richardson v. Richardson

*Clyde R. Bomgardner*, for plaintiff.
*James E. McClain*, for defendant.

ZIEGLER, *P. J.*, October 10, 1974—The testimony before the master in this uncontested divorce proceeding consisted only of testimony by plaintiff verifying a transcript of questions and answers propounded to her by her attorney on an earlier date. We do not believe that such practice conforms with the Pennsylvania Rules of Civil Procedure nor with our local rules. Pa.R.C.P. 1133(a)(1) provides that "the court shall hear the testimony or . . . may . . . appoint a master to hear the testimony."[1] Our local rule 1133 expressly states or implies throughout the rule that the testimony shall be taken before the master. Furthermore, the master was expressly commissioned "to examine each of the . . . witnesses" of the parties. The objective of an appointment of a master is a recommendation to the court. A condition prece-

---

1. Section 36 of The Divorce Law 23 P.S. §36, which was suspended by the Rules of Civil Procedure, provided that the court may "appoint a master to take testimony."

dent to a recommendation is lack of collusion. Such determination requires opportunity to judge the credibility of witnesses. Therefore, the master should have heard all of the testimony.

## ORDER

Now, October 10, 1974, the report of master is remanded so that the master will have opportunity (1) to proceed in accordance with foregoing opinion and (2) to supply several omissions which will be apparent upon review of the record.